UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

Civil Action No. 13-166-HRW

THERESA A. GRIFFIN a/k/a THERESA A. GAY,
Individually and as Administratrix of the
ESTATE OF DRUE ROBERT GAY,          PLAINTIFF,

v.

HONEYWELL INTERNATIONAL, INC.,
NORCROSS SAFETY PRODUCTS LLC
and
HONEYWELL SAFETY PRODUCTS,          DEFENDANTS/THIRD-
         PARTY PLAINTIFFS,

v.

THE SMITHFIELD PACKING COMPANY, INC.    THIRD -PARTY
         DEFENDANT /
         COUNTERCLAIMANT.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Third-Party Defendant The Smithfield Packing Company, Inc.'s Motion to Dismiss [Docket No. 19]. The motion has been fully briefed [Docket Nos. 19 and 20]. For the following reasons, Third-Party Defendant The Smithfield Packing Company, Inc.'s Motion to Dismiss will be sustained.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's decedent Drue Robert Gay, was employed by The Smithfield Packing Company, Inc. ("Smithfield") at its facility in Grayson, Kentucky [Complaint, Docket No. 1-1, ¶ 1]. On September 2, 2012, while performing his work duties, Gay was exposed to an electrical

shock of 480 volts, which resulted in his death. Id. at ¶ 3. At the time of the exposure, he was wearing a pair of "EH" certified boots, manufactured by Honeywell International, Inc., Norcross Safety Products LLC, and Honeywell Safety Products.

Plaintiff argues that these boots were manufactured, sold, warranted and represented to provide protection in the event of an electrical shock. [Docket No. 1-1, Complaint ¶2]. Plaintiff contends that the boots were warranted to provide protection against inadvertent electrical contact up to 14,000 volts. Id.

Plaintiff, on behalf of herself and the Estate of Drue Gay, filed this products liability action against Honeywell International, Inc., Norcross Safety Products LLC, and Honeywell Safety Products ("Honeywell and Norcross") in the Circuit Court of Carter County, Kentucky, alleging breach of the aforementioned warranty as well as defective design. Plaintiff maintains that had the boots been designed properly and functioned as warranted, Gay's death would not have occurred.

Honeywell and Norcross removed Plaintiff's action to this Court pursuant to 28 U.S.C. §1332. Thereafter, upon leave from this Court, Honeywell and Norcross filed a Third-Party Complaint against Smithfield asserting a right to indemnification, contribution and/or apportionment, alleging that Smithfield caused or contributed to Gay's death [Docket No. 13].

Smithfield argues that the Third-Party Complaint fails to state a claim upon which relief may be granted and, as such, must be dismissed.

## II. MOTION TO DISMISS STANDARD

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Federal Civil Rule 12(b)(6). The moving party has the burden of proving that no

claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions or legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993) (*citing Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir.1983). The court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

### III. ANALYSIS

#### A. The Third-Party Complaint fails to state a claim upon which relief may be granted for indemnity.

Smithfield asserts the claim for indemnity fails because the amount of the claim is limited to the amount of workers' compensation benefits which have already been paid in this case. Honeywell and Norcross maintain that Kentucky law permits a claim for indemnity and therefore Smithfield must remain a party to this action.

"A claim for indemnity is 'one in which the claimant seeks restitution for damages it was required to pay for injuries sustained by another and which were entirely or primarily caused by the party against whom indemnity is sought.'" *Franke v. Ford Motor Company*, 398 F.Supp.2d 833, 840 (W.D.Ky.2005)(*citing Degener v. Hall Contracting Corp.*, 27 S.W.3d 775 (Ky.2000)). "'Indemnity ... applies where 'both parties have been in fault, but not in the same fault, towards

3

the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.'" *Asher v. Unarco Material Handling, Inc.*, No. 6:06–548, 2007 WL 3046064, *2 (E.D.Ky. Oct.16, 2007). Despite adoption of comparative fault and exclusive remedy provisions of the Workers' Compensation Act, Kentucky law permits common law indemnity claims against employers. *Franke*, 398 F.Supp 2d at 840. However, the Workers' Compensation Act "limits an employer's liability to indemnify a third-party tortfeasor to the amount of workers' compensation benefits that the employer must pay." *Labor Ready, Inc. v. Johnston*, 289 S.W.3d 200, 208 (Ky.2009); *Union Carbide Corp. v. Sweco, Inc.*, 610 S.W.2d 932, 934 (Ky.App.1980)(holding "an examination of KRS 342.690 reveals that the legislature did not seek to abolish indemnity actions but sought to limit the amount of recovery over against the employer. The statute states that an employer's liability to a third party indemnitee is limited to the amount paid under the Workers' Compensation Act.").

In this case, it appears there is a claim for indemnity; however, that claim is futile since it is limited by Kentucky statute to the amount of workers' compensation benefits which have already been paid by Smithfield. Smithfield's liability is limited solely to what it has already paid the Plaintiff, and, as such, Honeywell and Norcross can have no successful indemnity claim against Smithfield. The Court finds this claim should be dismissed.

Honeywell and Norcross argue that Kentucky's statutory scheme only bars an employees's claims over and above what was paid by virtue of Workers' Compensation. In other words, they appear to suggest that while Gay or his Estate are precluded from seeking additional damages from Smithfield, they are not. This argument is not supported by Kentucky law. Honeywell and Norcross cite to a portion of the applicable statute, KRS 342.690, but in their

4

citation omits the pertinent portion of the statute. KRS 342.690

titled "Exclusiveness of Liability", states:

> (1) If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, **and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death**. For purposes of this section, the term "employer" shall include a "contractor" covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation. The liability of an employer to another person who may be liable for or who has paid damages on account of injury or death of an employee of such employer arising out of and in the course of employment and caused by a breach of any duty or obligation owed by such employer to such other shall be limited to the amount of compensation and other benefits for which such employer is liable under this chapter on account of such injury or death,....".

KRS 342.690(emphasis added).

The applicable statute indicates that Workers' Compensation is the exclusive remedy as to the injured employee, as well as any other entity. As Smithfield has "paid up", so to speak, the claims against it are subject to dismissal.

### B. The Third-Party Complaint fails to state a claim upon which relief may be granted for contribution.

Smithfield asserts that Honeywell and Norcross have no right of contribution against it. Under Kentucky law a contribution claim does not exist where an employer has already met its obligations under the Workers' Compensation Act. *Dix & Assoc. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 28 (Ky.1990). The court explained, "workers compensation coverage constitutes a settlement between the employee and the employer whereby the employee settles his tort claim for the amount he will receive as compensation." *Id.* at 29. In *Hilen v. Hays*, the Kentucky Supreme Court adopted comparative negligence and apportionment of damages in tort

5

actions while rejecting contributory negligence. 673 S.W.2d 713,720 (Ky.1984). Thus, in *Dix*, the court held that apportionment of fault was appropriate among joint tortfeasors, but that since the workers' compensation obligation had been fully paid, the tortfeasor who had settled owed no further obligation and there was, therefore, no valid claim for contribution against that party. 799 S.W.2d at 29–30. Here, there is no dispute that Smithfield has met its Workers Compensation obligations to Plaintiff. Therefore, there should be no valid claim for contribution against it.

In their response Honeywell and Cross emphasize that Kentucky law allows for indemnity and contribution. However, their argument stops there and ignores the fact while the law may allow for indemnity and contribution, the facts of this case are outside of its ambit.

An unpublished Opinion of Senior Judge, Thomas B. Russell, in the case of *Smith v. Parker-Hannafin Corp.*, Civil Action No. 5:12-CV-00136-TBR, (U. S. Dist. Ct. for the W. Dist. Of KY, Paducah Div., decided March 29, 2013) is instructive. In *Smith* an employee of PSC brought a claim against a third-party, and the third-party brought the employer into the claim, alleging negligence by the employer in causing the employee's injury. The employer filed a Motion to Dismiss, alleging that Workers' Compensation was the exclusive remedy as against the employer. Judge Russell agreed and dismissed the employer as a party, citing to the language quoted above in the Labor Ready case, the Judge noting that any indemnity claim would be futile, since the employer's liability was limited to the amounts paid in Workers' Compensation, and further that there could be no right of contribution as against the employer, the employer having already met its obligations under the Workers' Compensation Act. There is no substantive distinction between the situation presented in Smith and this case.

### C. Although apportionment may be appropriate, Smithfield need not remain a party in this action.

Under Kentucky law, "apportionment" is not a "claim" in and of itself. *See Burton v. HO Sports Co.*, 2009 WL 1390832, at *2 (W.D.Ky. May 14, 2009) ("KRS § 411.182 provides a right to an apportionment interrogatory or finding where underlying substantive fault exists, but it does not provide a substantive cause of action itself." (internal quotation marks omitted) (*citing Asher v. Unarco Material Handling, Inc.*, 2008 WL 2473680, at *3 (E.D.Ky. June 16, 2008); *Hall v. MLS Nat'l Med. Evaluations, Inc.*, 2007 WL 1385943, at *2 (E.D.Ky. May 8, 2007)). Therefore, Honeywell and Norcross cannot state a claim for apportionment against Smithfield. However, they may still be entitled to apportionment.

Honeywell and Norcross maintain that they have alleged legitimate claims against Smithfield, as they believe that Smithfield caused, or at the very least, contributed to the injuries and death which form the basis of this lawsuit. However, Honeywell and Norcross misconstrue Kentucky law. While Honeywell and Norcross may be entitled to apportionment, Smithfield need not be a party to the action in order for fault to be apportioned and, therefore, Smithfield may be dismissed. *See Dix,* 799 S.W.2d at 28–29; *Adams v. J.B. Hunt Transp., Inc.*, 130 F.3d 219, 228 (6th Cir.1997).

### IV. CONCLUSION

The Third-Party Complaint fails to state a claim upon which relief can be granted. Accordingly, **IT IS HEREBY ORDERED** that Third-Party Defendant The Smithfield Packing Company, Inc.'s Motion to Dismiss [Docket No. 19] be **SUSTAINED**.

**IT IS FURTHER ORDERED** that all claims alleged herein against The Smithfield

Packing Company, Inc. are **DISMISSED WITH PREJUDICE.**

This is an **INTERLOCUTORY** and **NON- APPEALABLE ORDER.**

This 13th day of November, 2014.



Signed By:
*Henry R. Wilholt, Jr.*
**United States District Judge**